# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

John R. Willett

v.

Rachida Benjelloun

April 8, 1998

Case No. (Law) CL970601

BY JUDGE JOSEPH F. SPINELLA

The plaintiff, in his own right, brought suit to recover attorney's fees from the defendant. The plaintiff represents himself as attorney, and the defendant is represented by Yvonne DeBruyn Weight. The plaintiff took a voluntary nonsuit in a previous suit filed by him. In this suit, the defendant has filed a counterclaim for attorney's fees paid by her during the time the plaintiff represented her in a divorce action.

On March 24, 1998, several motions were before the Court. (1) A motion for continuance filed by the defendant was withdrawn. (2) A motion to quash the witness subpoena for Sonya Benjelloun (a nine-year-old child) was made by the defendant, and the plaintiff represented to the Court that he did not intend to call her as a witness nor would he issue a subpoena for her. It is not therefore necessary for the Court to rule on this motion. (3) The defendant filed a Motion in Limine and a motion to award her attorney's fees and to impose sanctions upon the plaintiff for failing to properly respond to the Request for Production of Documents filed by the defendant.

There is no question that the plaintiff did file a response to the Request for Production of Documents, but the defendant has filed specific objections to the documents produced in response to specific questions. The Court heard these Motions on March 24, 1998, and after five continuous hours of testimony, explanations, and statements of the attorneys, only approximately half of the requests for production of documents were heard. The hearing was continued

over to April 2, 1998, at 10:00 a.m. for the Court to hear the remaining objections. The plaintiff's claim is based upon a written agreement whereby the defendant agreed to pay the plaintiff the sum of $250.00 per hour for his services. The plaintiff undertook to represent the defendant in the divorce action, and he kept a ledger in which is recorded a brief description of the services rendered, the time spent on the particular entry, and the amount charged for the services. He also recorded costs and payments made by the defendant. The defendant has requested that plaintiff produce the document or documents recorded in the ledger entry. The defendant in her motion has listed as to each request the specific document requested and the documents produced in response to the specific request. For instance, the entry recorded on December 20, 1995, read "Motions and Order for December hearing and research (2 hrs. -- 500.00)." The defendant requested that plaintiff produce copies of the motions and the order referenced in the December 20, 1995, charges.

In response to this request for production, the plaintiff produced nine separate documents. One document was a motion, and a second document was an order entered on December 29, 1995. These two documents were relevant to the request. The other seven documents produced were not relevant to the request.

The plaintiff has filed a volume of documents in response to the requests. He has filed the same documents in response to several different requests. The plaintiff produced a great number of documents in response to request after request that were not responsive to the request or in any way connected with the entry in his ledger or bill.

The defendant in her Motion in Limine filed objections to response made on forty-five requests for production of documents. In each case, she stated the request, the documents produced by plaintiff, and a summary of which documents were responsive to the request and which documents were not. The Court incorporates by reference all of the requests, list of documents produced, and summaries listed in the defendant's Motion in Limine beginning with Request No. 7. A very rough tabulation of the documents produced and delivered to the defendant indicates that in excess of 196 documents were produced, and of that number, the defendant indicated in her summaries that only approximately twenty-six were responsive to the request made and approximately 170 were not responsive and were irrelevant to the request. In addition, the plaintiff furnished a number of documents which were related to the corporation, in which the plaintiff had an interest. The plaintiff had also been employed to represent the defendant in corporate matters, and he had a separate agreement for his services to the corporation. We are not concerned

with his charges to the corporation in this case, but the defendant is concerned with charges to her in this case for services rendered to the corporation.

The plaintiff filed answers to the request for production of documents, and he outlines the documents furnished, which appear to parallel the documents listed in the Motion in Limine filed by defendant. The answer of the defendant is also incorporated by reference. The Court heard oral arguments on the Motion in Limine for nearly five hours on March 24, 1998, and for approximately six and one-half hours on April 2, 1998. The plaintiff responded at length to each request, and the objections filed by the defendant in the Motion in Limine and was not able to explain to the satisfaction of the Court his reasons for supplying documents not responsive to the request. The Court found that his answers were evasive in some instances or that his responses in many cases went into other issues in the case not related to the request made. The hearing on April 2, 1998, was recorded, and the Court cites the record for details of the responses and arguments of the plaintiff.

The plaintiff has filed his motion to deny sanctions following the hearing on March 24, 1998. He states that the defendant failed to state a time and a place for production of documents, that he has given the defendant all of the documents pertaining to this case, and that he should not be made to supply documents to the defendant that were equally available to her from other sources. He also states that she required production of corporate documents which are not involved in this case.

The court rules that the defendant had every right to require the plaintiff to produce documents that were referenced in his ledger and for which he charged the defendant at the rate of $250.00 per hour. She has a right to have the plaintiff specify and identify each of the documents, especially since it is impossible to tell from the plaintiff's entry which document is referenced. For instance, he refers to motions, orders, notices, demurrers, etc., in his entries without any other means to identify the document.

The plaintiff cannot complain of the failure of the defendant to designate time and place, etc., since he undertook to respond and did respond to the request without objection. His points are not well taken, and his motion is denied.

In summary, the court finds that the failure of the plaintiff to give direct responses to the request for production, together with the avalanche of documents furnished by the plaintiff, many of which were duplicates and some of which were related to the corporation, required the attorney for the defendant to spend approximately thirteen hours to review all the documents supplied to determine the relation of the document to the request, as well as the relevance to the case. The defendant was in Court on her Motion in Limine for

approximately eleven hours. None of this would have been necessary if the plaintiff had filed only the documents requested.

Accordingly, the Court finds that the actions of the plaintiff are a clear violation of the rules of discovery and created an unnecessary burden on the defendant, and therefore, the Court imposes the following sanctions:

(1) The plaintiff is to compensate the defendant's attorney for 24 hours of time at the rate of $200.00 per hour, which is the sum of $4,800.00.

(2) The plaintiff will not be allowed to introduce into evidence any document which was requested to be produced and which was not produced by the plaintiff in response to the request.

The plaintiff filed a motion for partial summary judgment. The plaintiff cites the letter contract, the answer to interrogatories, and the alleged agreement that the defendant states she owes from $7,500.00 to $10,000.00. The alleged agreement is not as presented by plaintiff. It is stated in the interrogatory that "in the interest of settling this matter, I would agree that Mr. Willett's services might be worth no more than $7,500.00 to $10,000.00 ... ." The defendant has contested the fees sued for and has filed a counterclaim to recover fees paid to plaintiff. The Court will not grant a partial summary judgment to the plaintiff, and that motion is denied.

The plaintiff filed a motion to compel further answers to interrogatories and requests sanctions against the defendant. The defendant filed answers to interrogatories Nos. 1 through 11 and stated she would supplement No. 12, which she did. She objected to Nos. 13 and 14 as being immaterial. The Court heard arguments and determined that the interrogatories were properly answered, and that motion is denied.

The plaintiff also filed a motion to deny the defendant the use of the expert witnesses identified by her. The defendant had previously withdrawn two of the three witnesses as experts, and the plaintiff complains that she failed to follow the rules of discovery by failing to furnish a curriculum vitae and to specify what his testimony would cover. The witness was identified on March 3, 1998, and the plaintiff could have made a timely motion to require the defendant to comply with the rules or could have taken his deposition. The plaintiff did neither until after the March 24, 1998, hearing. He knew when discovery under the court order would terminate, but he did not take action to get the additional information he desired. The Court overrules his motion, and the witness will be allowed to testify if he is qualified by the Court as an expert witness.